# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | | |
|---|---|---|
| VERNELL M. SUTHERLAND<br>512 Newport Avenue<br>Williamsburg, VA 23185, | )<br>)<br>)<br>) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.  3:18cv397 |
| | )<br>)<br>) | |
| COLONIAL WILLIAMSBURG FOUNDATION,<br>P o Box 1776<br>Williamsburg, VA 23187, | )<br>)<br>)<br>) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Introduction

1.       This is a case about potential retaliation that lay in wait for years.  The EEOC found in favor of the plaintiff.  Almost 20 years ago, plaintiff Vernell Sutherland was sexually harassed by her then-supervisor at the Colonial Williamsburg Foundation (CWF), and she complained about that both internally and externally to the EEOC.  A short time after she opposed the harassment, CWF included her in a layoff and Ms. Sutherland left the area and obtained employment elsewhere.  Ms. Sutherland moved back to the area in 2014, and the supervisor who had harassed her passed away in 2013.  Accordingly, she applied for work at CWF.  Her application was strong and she was scheduled for an interview, but the day of the interview, CWF canceled her interview because CWF put a "red flag" on plaintiff's personnel file signifying "do not hire" because of her sex harassment complaints.  CWF refused to hire Ms. Sutherland for that job based on retaliation for protected activity.  CWF has continued to retaliate

1

because it has refused to interview or seriously consider Ms. Sutherland for a more recent job posting despite her strong qualifications for it.

## Venue, Jurisdiction and Parties

2. This is an action to remedy defendant's conduct in refusing to hire plaintiff because she opposed discrimination in violation of Title VII of the 1964 Civil Rights Act. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 2000e-5(f). Venue is proper in the Eastern District of Virginia and in the Richmond Division under 42 U.S.C. § 2000e-5(f) which provides that venue is proper in any district court in the state; see also *General Electric Co v. Merhige*, 1972 U.S. App. LEXIS 6632, No. 72-3327, 1972 WL 2601 (4th Cir. Nov. 20, 1972) (unpublished) (applying this provision).

3. Plaintiff was first notified of the red-flag on her file on or about July 10, 2015, and notified that she was no longer in consideration for the position on July 30, 2015. Plaintiff timely filed a complaint with the EEOC on April 12, 2016 regarding these events. The EEOC issued a determination finding in favor of plaintiff on July 5, 2017. The EEOC determined that conciliation was unsuccessful, and issued a Notice of Right to Sue dated March 8, 2018. Plaintiff received the Notice of Right to Sue on March 12, 2018. Plaintiff timely exhausted administrative remedies under Title VII. This suit is timely filed.

4. Plaintiff Vernell Sutherland is an individual residing in the State of Virginia. She applied for a vacancy advertised by Defendant on or about July 7, 2015. She was scheduled for an interview. The interview was canceled by Defendant and she was subsequently informed by Defendant that she would not be selected for the position. At the relevant time, she was qualified for the position of Employee Relations Specialist that was advertised by Defendant on or about

July 7, 2015.  Ms. Sutherland has timely and fully exhausted her administrative remedies on this claim.  Ms. Sutherland has standing to bring these claims.

5.      Defendant The Colonial Williamsburg Foundation (CWF) is an entity licensed to do business in the state of Virginia.  CWF is an employer as that term is used in Title VII.  CWF has more than 500 employees.  CWF is subject to the personal jurisdiction of this court.  CWF is the proper defendant in this case and, if the facts of this complaint are proven true, CWF is liable for the actions complained of herein.

### Factual Background

6.      Ms. Sutherland was employed by CWF from 1992 until 1997.  During her employment, plaintiff was sexually harassed by her immediate supervisor, John Raup.  Ms. Sutherland opposed this discriminatory behavior directly to Mr. Raup.  Ms. Sutherland also complained about sexual harassment to other managers and supervisors within CWF including the head of Human Resources.  Ms. Sutherland was fired not long after she complained internally about Mr. Raup's unwelcome conduct.  Ms. Sutherland filed a charge of discrimination and retaliation with the Virginia Council on Human Rights and with the EEOC in February 1998.  CWF was notified of Ms. Sutherland's administrative complaint of discrimination and retaliation.

7.      The EEOC issued a Right to Sue letter on the 1998 charge, but Ms. Sutherland did not pursue the case in court.  Ms. Sutherland obtained employment out of the area and moved away from Williamsburg.

8.      John Raup died in 2013.

9.      In 2014, plaintiff moved back to the Williamsburg area.  She had remained a supporter of CWF during the time she was away from the area.  Ms. Sutherland had good feelings about the organization generally.  With Mr. Raup's passing, she was happy to get a job

with CWF. Ms. Sutherland applied for an Employee Relations Specialist position with CWF in or about July 2015.

10. Ms. Sutherland was well-qualified for the employee relations specialist position. CWF agreed, because her name was among a subset of candidates selected for an interview.

11. Karen Pruden was an employee of CWF during the relevant times. Ms. Pruden worked in Human Resources (HR). On behalf of CWF, Ms. Pruden arranged a first-round interview with Ms. Sutherland to be conducted on July 10, 2015. On the same day as the interview was scheduled, Ms. Pruden contacted Ms. Sutherland to cancel the interview. Ms. Pruden informed Ms. Sutherland that there was a red flag on her file indicating "do not hire" and that therefore, Ms. Sutherland was in eligible to be considered for any open position at CWF, including the one for which her interview had been scheduled. Ms. Sutherland asked for further explanation of the situation, and Ms. Pruden said that one of her colleagues would get back to her.

12. Ms. Pruden's call on July 10, 2015, was the first time that Ms. Sutherland had any notice that CWF had marked her as ineligible for hiring.

13. On July 25, 2015, Sutherland had not yet heard any further explanation about her red flag. Accordingly, she contacted CWF's Vice President of Human Resources, Kathleen Gallon, seeking additional information. Ms. Gallon responded on July 30, 2015. The information provided by Ms. Gallon regarding the red flag did not appear to be accurate. Ms. Sutherland sought additional information, and on July 31, 2015, Ms. Gallon declined to provide additional information.

14. As a result of her previous employment with CWF, Ms. Sutherland knew some of the people still employed at CWF. Ms. Sutherland informally sought information about the red

flag on her file saying "do not hire." Ms. Sutherland learned that the notation had been placed on her file around the same time as her sexual harassment complaints were made. When she was fired in 1997 she was told it was part of a layoff, that her performance was fine and that she was eligible for rehire. Accordingly, the most plausible explanation was that the "do not hire" flag was in reprisal for her sex harassment complaints.

15. As a result of this information, Ms. Sutherland believed that the red flag on her file saying "do not hire" was in retaliation for her complaints about sex harassment at the end of her previous stint of employment. Accordingly, Ms. Sutherland filed a charge with the EEOC on or about April 12, 2016, alleging that CWF had retaliated against her for protected activity, both opposition and participation.

16. The EEOC invested Ms. Sutherland's charge, and issued a determination in Ms. Sutherland's favor, finding Cause to believe that CWF unlawfully retaliated against Ms. Sutherland. That cause determination was dated July 5, 2017. The EEOC attempted conciliation, but conciliation efforts were ultimately unsuccessful. The EEOC issued a Right to Sue letter that was dated Thursday March 8, 2018. The Right to Sue letter was received by Ms. Sutherland (via her counsel) on Monday March 12, 2018.

17. On or about February 10, 2018, Ms. Sutherland applied for another position at CWF for which she is very well-qualified. That position was titled "Human Resources Business Partner." Ms. Sutherland contacted CWF's HR department, and spoke with a member of the HR staff. He informed Ms. Sutherland that her application was an excellent match for the position, and that her application was on the hiring manager's desk for further action and that she (Ms. Sutherland) should hear about it soon. As of June 5, 2018, Ms. Sutherland had not heard about scheduling an interview, nor has she been informed about the job being filled or canceled.

18. The parties have discussed the Business Partner position as part of this case. It appears from available information that CWF's delay in filling the Business Partner position is related to its unwillingness to select Ms. Sutherland. CWF's reluctance to hire Ms. Sutherland for this position is due to unlawful retaliation.

## COUNT I
## RETALIATION

19. The actions of Defendant CWF described herein, including but not limited to failing or refusing to hire plaintiff Sutherland were taken because she opposed discrimination and/or participated in protected opposition activities. Plaintiff's actions in opposing sex harassment were protected activity. Plaintiff participated in proceedings regarding her allegations of discrimination and retaliation, and this participation was protected activity. All actions of Defendant CWF alleged herein were intentional, willful, wanton, malicious and/or taken in reckless disregard of plaintiff's rights under the law.

## RELIEF

Plaintiff asks the Court to grant the following relief:

1. Declare that defendant's action in firing plaintiff violated plaintiff's rights under Title VII;

2. Award plaintiff compensatory damages for the monetary loss she suffered as a result of defendant's conduct, including but not limited to loss of pay and benefits, and for the non-monetary loss, including pain and suffering, emotional distress, anxiety, humiliation, loss of enjoyment of life, and other injuries defendant's actions have caused, in an amount to be proven at trial;

3. Award plaintiff punitive damages, in an amount to be proven at trial;

4. Order defendant to pay plaintiff's costs, including reasonable attorneys' fees and any other costs allowed by law;

5. Award prejudgment interest as allowed by law;

6. Order equitable relief as appropriate, including but not limited to back pay, instatement (or front pay in lieu thereof), along with career progress, and all benefits and emoluments of the positions at issue;

7. Order such other and additional relief as the Court deems just and equitable.

## Jury Demand

Plaintiff requests trial by jury.


 /s/  Stephen Z. Chertkof
Stephen Z. Chertkof (VSB 34243)
HELLER, HURON, CHERTKOF & SALZMAN
1730 M Street, NW, Suite 412
Washington, DC  20036
(202) 293-8090
Fax: (202) 293-7110
szc@hellerhuron.com



             /s/ Tim Schulte
Tim Schulte (VSB 41881)
Shelley Cupp Schulte, P.C.
2020 Monument Avenue, First Floor
Richmond VA  23220
804.644.9700
Fax: 804.278.9634
schulte@scs.law

Attorneys for Plaintiff